## ROYER v. SCHULTZ BELTING CO.[1]

*(Circuit Court, E. D. Missouri.   October 4, 1886.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT OF COMBINATION CLAIM.
    A patent for a combination is not infringed by the use of less than the entire number of elements claimed.

2. SAME—EXTENT OF CLAIM.
    Where a part of a machine covered by a combination patent is described in a claim as having a certain motion, that motion, as distinguished from the means of producing it, is not covered by the claim.

3. SAME—INFRINGEMENT—EQUIVALENTS.
    Letters patent No. 77,920, on a machine for treating hides, *held* not infringed by a machine differing from the one thereby patented in being horizontal instead of upright, using two followers instead of one, and springs instead of a weight, and in having a shaft to which the hides are attached by means of a clamp instead of a slotted shaft, with set-screws.

4. SAME—ACTION AT LAW—DEMURRER TO EVIDENCE.
    Where, in the trial before a jury of a suit at law for the infringement of a patent, the plaintiff introduces evidence to show infringement, and closes that branch of his case, and the defendant demurs to the evidence, it is the province of the judge to decide whether or not the plaintiff has made out a *prima facie* case of infringement, and, if of the opinion that he has not, he should charge the jury to find for the defendant.

At Law.

Action for damages for the infringement of letters patent No. 77,-920, granted to Herman and Louis Royer, May, 12, 1868, for an improved machine for treating raw hides for belting, etc.   The essential features of the machine described in the specification of the plaintiff's patent are (1) a vertical cylindrical cage, the bars or rollers of which are rounded on the inner face, and are attached immovably at both ends to rings; (2) a vertical slotted shaft, passing down through the center of the cage, arranged so that it may be turned either way, and having set-screws by means of which the ends of hides may be secured in the slot; (3) a grooved weight or follower, fitting the corrugations of the cage, by which it is prevented from turning, and pierced by the shaft, upon which it is left free to slide up and down. The operation of the machine is as follows:   The end of the hide is secured in the slot of the central shaft, which is then revolved, winding the hide tightly thereon.   The rotation is then reversed, and the hide uncoiled, doubled back, and recoiled in the other direction; stretching it, and roughing its surface.   The weight rests upon the hide, and condenses it by lateral pressure as it is lengthened.

Motion is communicated to the shaft by means of an arrangement of pulleys, shafts, and beveled wheels.

The claims of the patent are as follows:

"(1) The vertical shaft, B, with a slot, B¹, and set screws, *b, b, b;* said shaft having a forward and back motion, substantially as and for the purpose described.

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

"(2) The pins or rollers, C, C, C, set in the rings, D and D¹, together with the grooved weight, I, substantially as and for the purposes described."

The defendant's machine is constructed in accordance with the specification of letters patent No. 177,576, granted May 16, 1876, to J. A. J. Shultz. In it a closed horizontal cylinder, with rounded ribs, arranged longitudinally inside of the case, is substituted for the plaintiff's upright open cage. Instead of a slotted shaft, with set-screws, the defendant uses a shaft provided with a clamp; and, instead of a vertical weight or follower, uses two horizontal followers, pressed towards the center by means of springs arranged so that their tension may act automatically.

The case was tried before a jury. After introducing evidence showing that the defendant is using a machine like the one above described, and evidence tending to show that the devices therein substituted for those used in the plaintiff's machine are the mechanical equivalents of the latter, the plaintiff closed his case as to infringement, and was about to proceed to the question of damages, when the defendant interposed a demurrer to the evidence, and requested the court to instruct the jury that the plaintiff had not made out a *prima facie* case of infringement, and that they must therefore find for the defendant.

*M. A. Wheaton* and *Broadhead & Haeussler,* for plaintiff.
*Krum & Jonas,* for defendant.

TREAT, J., (*charging jury orally.*) It must be borne in mind in all of these cases that the party is not patenting a principle, or, in other words, a result to be produced, but he is patenting machinery by which that result can be produced. This is a combination patent, divided into two claims, and in the present stage of the inquiry the question is whether the defendant uses either of these combinations. The explanatory part or specifications indicate the function or office to be effected by the plaintiff's special mechanism. The first is the "vertical shaft, B, with slot, B¹, and set-screws, *b, b,* the shaft having a forward and backward motion, substantially as and for the purposes described." That forward and backward motion is no part of the invention, but is a mode of producing a result. The party does not claim, and evidently could not do it, the pulleys, shafts, and beveled wheels to make the forward and back motion, as they are common mechanical contrivances.

Now, what is his invention? It is a vertical shaft, with a slot and set-screws, under such conditions, as explained therein, that it may be moved backward and forward. The ordinary doctrine in law concerning patents is that if a party insists on a patent for a combination of devices, (whether new or old is immaterial,) each element of the combination is an essential element; so that one who uses a combination in some respects, but omits one of the elements that the patentee chooses to describe as essential, the supposed infringer does

not infringe. The patentee is supposed to describe clearly and fully all the elements which he thinks essential to produce the result desired. If he chooses to crowd his supposed inventions or combinations with elements that have no functions whatsoever, and a party chooses to use a like contrivance, omitting some of those elements, he does not infringe. The reason of the rule, as explained by the supreme court very frequently, is this: that—*First*, a party claiming a patent should not incumber the combination or device with matters that are wholly unessential, and thereby block the path of improvement or invention. If he chooses to put such in his contrivance, he must abide by the result.

Now, what is the essential element of this first claim, in the light of the specifications stated? A vertical shaft, with a slot and set-screws, with such contrivances attached thereto that this central shaft may move backward and forward for the purposes stated in the specification. Is there a slot, or an equivalent thereto, in the defendant's machine? If there is anything of that description, falling within the doctrine of mechanical equivalents, he violates the first claim. It seems he has omitted the slot altogether. Without the slot, as this patent is described by the plaintiff, there is nothing new and nothing of the slightest importance connected with it. It would be the commonest thought of any one, if he wished to make a coil, that he must fasten the end somehow before he begins to coil. There is a variety of devices for that purpose, and very simple. One would be set-screws; but set-screws, according to the theory of the patent, were not adequate. Therefore he wanted a slot as connected therewith, and, so far as I can discover, the defendant uses no slot at all.

The second claim—

*Mr. Wheaton.* If your honor will pass that until the model comes, we will show your honor there is a slot in the defendant's machine as plain as can be.

*The Court.* That is what you have been trying to do for two or three days. The second claim is this: "The pins or rollers, C, C, C, set in rings, D and D¹, together with a grooved weight, substantially as described."

Now, the fact that the defendant uses a machine horizontally instead of vertically would not excuse him from the allegation of infringement; but, first, we must know what is the defendant's claim in that particular. For the purpose of compression on the edges of the coil he has a vertical contrivance, the lower disk being firm, and the weight above moving in proper grooves, and an opening for the shaft, so that it may move up and down, according to the necessities of the pressure. We heard testimony to show that the plaintiff's contrivance requires more than the weight of the upper disk, or, as he calls it, the grooved weight, I. Practically it was of very little moment. The weight was to be varied, and the patentee himself, on the stand as a witness, says, without any particular amount of weight; because

somebody had suggested, which is not indicated in his patent at all, that the pressure might be produced by an external contrivance, irrespective of such weight. Now, if somebody has invented what would be improvements merely, the defendant supposed to infringe may be an improver, but he is none the less an infringer. Herein the court is reduced to the necessity of determining, first, has this defendant used the patentee's contrivance as indicated in claim 2, or a mechanical equivalent therefor. It appears that the defendant, placing his contrivance horizontally, instead of trusting to gravity merely, with the weight itself on one end, used springs. Under ordinary modes operating a spring may effect precisely the same result as a small vertical weight. But what does the defendant do? He has a contrivance which in many particulars differs very essentially from the plaintiff's mode of operation. No slot,—no vertical pressure; a coiling process (in that respect like the patentee's) by which a like result may be produced with an essential element of the combination omitted. When I say "omitted," I mean that the function of the spring may be the same as the weight. But there are other elements of the combination: the pins or rollers, rings, the upper end and the lower fixed, operating in the manner which he has described.

Without proceeding further with regard to the matter, I have indicated, in a general way, the views the court entertains in respect to the question under investigation. The only difficulty that has been presented to my mind in regard to the matter is with reference to the doctrine supposed to be laid down in 13 Wall. in the case cited, whether the court, instead of presenting these matters to the jury, should undertake, at this stage of the inquiry, to determine the question for itself. That case in 13 Wall. is familiar to the profession. I suppose it is also familiar that since then there have been at least four or five decisions by the supreme court modifying that doctrine essentially. In other words, in the course of a trial before a jury, the plaintiff having closed, the court is at liberty at that stage of the case to instruct a verdict for the defendant; and that is exactly like this case, and the instruction will be accordingly.